IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**OLENE GARNER**  **PLAINTIFF**

**v.**  **Cause No. 3:12-CV-398-CWR-FKB**

**MICHALE J. ASTRUE, COMMISSIONER,**  **DEFENDANT**
**UNITED STATES SOCIAL SECURITY ADMINISTRATION**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the Report and Recommendation of the United States Magistrate Judge (hereinafter "Report and Recommendation"), Docket No. 18, to deny Plaintiff Olene Garner's Motion for Summary Judgment, Docket No. 10, and grant Defendant's Motion to Affirm the Decision of the Commissioner, Docket No. 15. Plaintiff has objected, Docket No. 19, and Defendant has replied, Docket No. 20.

   *I.   Standard of Review*

When a party objects to a Report and Recommendation, this Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). "On judicial review, the ALJ's determination that a claimant is not disabled will be upheld, if the findings of fact upon which it is based are supported by substantial evidence on the record as a whole, and if it was reached through the application of proper legal standards." *Loza v. Apfel*, 219 F.3d 378, 389 (5th Cir. 2000) (citations omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007) (citation and quotation marks omitted). "In applying the substantial evidence standard, we scrutinize the record to determine whether such evidence is present." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citation omitted). "We may not reweigh the evidence or substitute our judgment for that of the Commissioner." *Audler*, 501 F.3d at 447 (citation omitted). Stated another way, notwithstanding the magistrate judge's conclusions, as a reviewing court, this Court "limits itself to two questions: '(1) whether there is substantial evidence in the record to support the decision and (2) whether the decision comports with relevant legal standards.'" *Nichols v. Astrue*, No. 3:10cv420, 2012 WL 1802462, at *2 (S.D. Miss. May 17, 2012) (citations omitted).

This Court is obligated to afford the administrative law judge's decision with the same deference as did the magistrate judge.

While undertaking this review, "the Court is mindful of the beneficial purpose of the Social Security Act and its corresponding administrative regulations and rulings. *Brown v. Comm'r of Soc. Sec.*, 3:10-CV-268-CWR-FKB, 2011 WL 5981007 (S.D. Miss. Nov. 29, 2011) (citing *Savo v. Astrue*, No. 3:10-cv-1612, 2011 WL 5025488, *2 (D. Conn. Oct. 21, 2011)).

*II. Discussion*

Having carefully reviewed the record, the Report and Recommendation, and the relevant pleadings, the Court will adopt the Report and Recommendation for the reasons stated therein, with the following serving as a supplement to the Report and Recommendation's step three analysis:

> In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. If, at any step, the claimant is determined to be disabled or not disabled, the inquiry is terminated. The claimant bears the burden of showing she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform.

*Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) (citations omitted).

**Garner does not have an impairment that meets or equals a listed impairment.** Garner argues that the Administrative Law Judge (ALJ) did not consider medical notes—after the July 1, 2011 ALJ decision date—from her treating physician regarding her back problems in order to determine whether it met a listed impairment—specifically, Listing 1.04, 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04. *See e.g.* Docket No. 11, at 7-9; Docket No. 17, at 3-4. Additionally, Garner states that the Commissioner should have retained a medical adviser, such as the State Agency medical consultant, to aid in making the decision of whether her back condition met this listing. Docket No. 17, at 3.

The ALJ was required to explain her adverse decision in determining why she found Garner not to have met a listed impairment. *Audler*, 501 F.3d at 448. In *Audler*, the Fifth Circuit

remanded to the district court because the ALJ summarily concluded that the claimant's spinal condition did not meet or medically equal one of the listed impairments, without listing which impairment the Plaintiff's condition did not meet or providing any rationale for her decision. *Id*. The court explained, "[a]lthough the ALJ is not always required to do an exhaustive point-by-point discussion, in this case, the ALJ *offered nothing* to support her conclusion at this step and because she did not, we, as a reviewing court, simply cannot tell whether her decision is based on substantial evidence or not." *Id*. (emphasis added) (citations and quotation marks omitted). The court, however, continued its analysis, emphasizing that "[p]rocedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected." *Id*. (quotation marks omitted) (citing *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988)). The court ultimately concluded that the ALJ's failure to provide a basis for her decision affected the claimant's substantial rights because the claimant provided medical evidence that satisfied her burden to demonstrate that she met a listed impairment, and the ALJ presented no evidence to the contrary. *Id*. at 449.

Similarly, in this case, the record shows that the ALJ did not mention the listing for which Plaintiff's spinal condition did not meet. Upon review of the ALJ's decision, the ALJ did not discuss Plaintiff's spinal condition at all in evaluating step three of the analysis, focusing exclusively on Plaintiff's mental impairments. *See* Docket No. 9-2, at 16. Therefore, pursuant to the Fifth Circuit's rationale in *Audler*, this Court ordinarily could not rule on whether there is substantial evidence to support the ALJ's decision; however, "[p]rocedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected." *Audler*, 501 F.3d at 448 (quotation marks and citations omitted). And, in this instance, the ALJ's failure to state the basis for Plaintiff's adverse determination at step three with respect to Plaintiff's back condition was harmless error.

Although the ALJ omitted stating the grounds on which she based her decision at step three, this case can be distinguished from *Audler*. Here, the Appeals Council considered Plaintiff's medical records after the ALJ decision and found that they did not affect the ALJ's ultimate decision to deny her benefits. Docket No. 9-2, at 5-6; *see also* Report and Recommendation at 4. Moreover, while the Appeals Council did not explicitly explain how it reached its conclusion, unlike *Audler*, and, as the Magistrate Judge's Report and Recommendation indicates, Garner has not presented post-operative evidence that could have

3

changed the result of this case. The record shows that there is also ample evidence for the Appeals Council to support a finding that Plaintiff's back condition did not meet a listed impairment. *See* Report and Recommendation at 6-7, Docket No. 18. As the Magistrate correctly notes, the Court is only tasked with making a determination of whether substantial evidence supports the Commissioner's findings. Report and Recommendation at 5, Docket No. 18.

Additionally, it is not incumbent on the ALJ or Appeals Council to submit post-hearing evidence to a medical advisor for review in order to produce a proper judgment. *Haywood v. Sullivan*, 888 F.2d 1463, 1468 (5th Cir. 1989) ("ALJ need only obtain updated medical equivalency opinion when additional medical evidence is received which, *in the opinion of the ALJ,* may change the determination ... that the impairment(s) does not equal the listing") (citation and quotation marks omitted). It is, however, Garner's burden to prove her disability and, if Garner has not presented sufficient evidence to sustain this burden, as the Court finds, it is within the discretion of the ALJ "to order a consultative examination at government expense." *See Schools. v. Comm'r of Soc. Sec.*, No. 1:99-cv-113, 1999 WL 33537136 *6 (N.D. Miss. Dec. 23, 1999) (citing *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987)). Therefore, the Commissioner did not commit error simply because a medical advisor was not obtained to review certain medical records in determining whether Plaintiff's spinal condition met or equaled a listed impairment.

### III. Conclusion

The administrative law judge's decision comports with relevant legal standards and is supported by substantial evidence. Accordingly, the Court hereby adopts the magistrate judge's Report and Recommendation to deny Plaintiff's Motion for Summary Judgment and grant Defendant's Motion to Affirm the Decision of the Commissioner. A Final Judgment shall be entered reflecting the same.

**SO ORDERED**, this the 19th day of September, 2013.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
